*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* RP.

CAITLIN MCNORGAN,

      Petitioner-Appellee,

v

RP,

      Respondent-Appellant.

UNPUBLISHED
April 25, 2024

No. 366806
Washtenaw Probate Court
LC No. 23-000486-MI

Before: GADOLA, C.J., and BORRELLO and PATEL, JJ.

PER CURIAM.

Respondent appeals as of right the probate court's order requiring respondent to involuntarily undergo mental-health treatment. Respondent was committed to a combined hospitalization and assisted outpatient treatment for no longer than 180 days, with an initial hospitalization period of up to 30 days. We affirm.

## I. BACKGROUND

Respondent was brought to the hospital by police following an incident where he was exhibiting paranoid behaviors. Respondent was examined by two psychiatrists. It was determined that respondent was "hyperverbal," had an increased energy and decreased need for sleep, and exhibited some "persecutory delusions." It was also determined that respondent displayed "[d]isorganized speech, behavior, tangential, paranoid thoughts, decreased need for sleep, [and] elevated expansive mood." Respondent was diagnosed with schizoaffective disorder, bipolar type I, and psychosis.

Petitioner, a social work clinician, signed a petition seeking involuntary treatment of respondent's mental illness. The petition alleged that respondent was an individual with mental illness, that his judgment was so impaired by mental illness that he was unable to attend to his basic physical needs or understand his need for treatment, and that his impaired judgment

-1-

presented a substantial risk of significant harm to himself or others. The petition was filed with the probate court on June 23, 2023. Counsel was appointed for respondent on the same date. The trial court held a hearing on the petition on June 28, 2023. Respondent's appointed counsel entered her appearance at the hearing and stated:

> I did go to the hospital to speak with him. He did not want to talk with me. I . . . inquired if he wanted to talk to me today . . . and was told he did not. [H]e's told the social worker he had his own attorney. So, at this point, you know, I'm leaving it up to the Court to decide whether to proceed.

Because there was no other attorney present for respondent at the hearing, no other attorney had entered an appearance, and it was reported to the court that respondent had not contacted anyone, the trial court proceeded with appointed counsel representing respondent at the hearing. Respondent was present for the hearing and testified on his own behalf. At the conclusion of the proofs, the court found by clear and convincing evidence that respondent was a person who required treatment under MCL 330.1401(1)(a) and MCL 330.1401(1)(c). The court ordered up to 60 days of hospitalization and up to 180 days of assisted outpatient treatment.

After the trial court entered its ruling, respondent objected, stating: "I don't have an attorney here. . . . I was told that I may be able to adjourn this. I do have an attorney." The trial court responded that "there is no attorney here today other than [appointed counsel] who the Court appointed." Respondent continued to insist that he had his own attorney, but did not identify the attorney or explain why the attorney was not present. The trial court stated that it was too late and advised respondent that he had appellate rights. This appeal followed.

## II. ANALYSIS

Respondent argues that he is entitled to a new hearing because he was denied the assistance of his chosen counsel. We disagree.

"We review for an abuse of discretion a trial court's exercise of discretion affecting [an individual]'s right to counsel of choice." *People v Akins*, 259 Mich App 545, 556; 675 NW2d 863 (2003) (cleaned up). An abuse of discretion occurs when the trial court's decision "falls outside the range of principled outcomes." *People v March*, 499 Mich 389, 397; 886 NW2d 396 (2016). We review de novo questions of constitutional law, such as whether respondent was denied his right to counsel of choice. See *People v Kennedy*, 502 Mich 206, 213; 917 NW2d 355 (2018).

An individual "who is the subject of a petition for involuntary mental health treatment has a statutory right to be represented by legal counsel." *In re Londowski*, 340 Mich App 495, 504; 986 NW2d 659 (2022); see also MCL 330.1454(1) (every "individual who is the subject of a petition is entitled to be represented by counsel."). The right to counsel guaranteed by the United States Constitution, US Const, Am VI, and the Michigan Constitution, Const 1963, art 1, § 20, includes the right to effective assistance of counsel, *In re Londowski*, 340 Mich App at 504-506, and the right to retain counsel of one's own choosing, *People v Akins*, 259 Mich App 545, 557; 675 NW2d 863 (2003). "However, the right to counsel of choice is not absolute." *Akins*, 259 Mich App at 557 (cleaned up). The right must be weighed against "the public's interest in the

-2-

prompt and efficient administration of justice" for a court to find a constitutional violation. *Id*. (cleaned up).

MCL 330.1454(4) provides the procedure for substituting appointed counsel for the respondent's counsel of choice:

> If the subject of a petition prefers counsel other than the initially appointed counsel, the preferred counsel agrees to accept the appointment, and the court is notified of the preference by the subject of the petition or the preferred counsel, the court shall replace the initially appointed counsel with the preferred counsel.

The trial court did not abuse its discretion by denying respondent's post-hearing request to adjourn the hearing and retain new counsel. At the beginning of the hearing, the trial court confirmed that there was no other attorney present to represent respondent and that respondent had not requested anyone else. See MCL 330.1454(4). The court then decided to continue the hearing with appointed counsel, properly weighing respondent's right to counsel of his choice against the public's interest in the efficient administration of justice. See *Akins*, 259 Mich App at 557. Respondent testified on his own behalf and did not request an adjournment until the hearing was concluded and the court entered its ruling. Respondent did not identify his preferred counsel or explain why his preferred counsel was not present at the June 28, 2023 hearing. And respondent has not offered any further explanation on appeal.

Affirmed.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Sima G. Patel

-3-